UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J.T.F., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:   21-1453 (RC) |
| | : | |
| v. | : | Re Document Nos.:   43, 44 |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION & ORDER**

GRANTING DEFENDANT'S MOTION TO COMPEL; DENYING PLAINTIFFS' MOTION TO COMPEL

**I.   INTRODUCTION**

Plaintiffs J.T.F. and her mother, Ana Flores (collectively, "Plaintiffs"), bring this action against Defendant the District of Columbia, alleging violations of their rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; the Equal Educational Opportunities Act of 1974 ("EEOA"), 20 U.S.C. § 1701 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Elementary and Secondary Education Act of 1965 ("ESEA"), 20 U.S.C. § 6301 *et seq.*  Am. Compl. ¶¶ 1–2, ECF No. 2.  Plaintiffs' Counts 1–17 allege they were "discriminated against . . . on the basis of [their] national origin," and Plaintiffs' Count 18 alleges that Defendant "failed to train [IDEA] Hearing Officers on . . . the requirements of those statutes." *Id.* ¶¶ 111–33.  As a result, Plaintiffs ask to enjoin the District from engaging in further violations of the IDEA, Title VI, the EEOA, Section 504 of the Rehabilitation Act, and the ADA.  They further seek orders requiring: that Defendant provide multiple educational services to J.T.F.; that the District provide

copies of J.T.F.'s complete and cumulative records in Spanish; that Defendant fund various independent evaluations of J.T.F.; and that the District develop a new Individualized Education Program ("IEP") based on these evaluations. Plaintiffs also seek compensatory damages and attorneys' fees. *Id.* at 31–33.

Defendant moved to dismiss these claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. Dismiss, ECF No. 9. The Court granted in part and denied in part Defendant's motion to dismiss, and ordered that all claims in the Amended Complaint, except for the claims within Counts 1–18 under the EEOA, and the Count 18 claim under the IDEA, be dismissed. *See* Order, ECF No. 26.

Defendant now moves to compel responses to its discovery requests that were first served on April 4, 2022. Def.'s Mot. Compel Disc. ("Def.'s Mot.") at 2, ECF No. 43. Plaintiffs object to Defendant's discovery responses, and move to compel responses to their discovery requests. Pls.' Objs. to Def.'s Disc. Resps. & Mot. Compel Disc. ("Pls.' Mot."), ECF No. 44. For the reasons detailed below, the Court grants Defendant's, and denies Plaintiffs', motion to compel discovery.

## II. FACTUAL BACKGROUND

On February 16, 2022, the Court ordered the parties to serve any discovery requests by April 4, 2022, and to conclude discovery of facts by July 5, 2022. Sched. Order at 1, ECF No. 38. On April 4, 2022, the last day to serve any discovery requests, *see id.*, each party served the other with interrogatories and requests for production of documents ("RPD"), Def.'s Mot. Ex. 1 ("Def.'s Interrog. Pls."), ECF No. 43-1; Def.'s Mot. Ex. 2 ("Def.'s Req. Produc. Doc. Pls."), ECF No. 43-2; Pls.' Mot. Ex. A ("Pls.' Interrog. & Req. Produc. Doc. Def."), ECF No. 44-1. Defendant agreed to a June 30, 2022 deadline for Plaintiffs' responses. *See* Def.'s Mot. at 2. On

June 30, 2022, Defendant provided responses, but Plaintiffs did not.  Pls.' Mot. Ex. B, ECF No. 44-2.  As a result, the parties requested to extend the close of discovery, Joint Mot. Extend Sched. Order at 3–4, ECF No. 39, which the Court extended from July 5, 2022 to September 30, 2022, Min. Order, July 5, 2022.

On August 12, 2022, Plaintiffs agreed to provide discovery responses by August 15, 2022.  Def.'s Mot. Ex. 4, ECF No. 43-4.  On August 15, 2022, however, Plaintiffs did not provide any discovery responses because of Plaintiffs' counsel's significant health concerns.  *Id.* Ex. 5, ECF No. 43-5.  Therefore, Plaintiffs requested to extend the close of discovery, Pls.' Mot. Extend Sched. Order, ECF No. 41, which the Court extended from September 30, 2022 to January 31, 2023, Min. Order, Aug. 26, 2022.  The Court also ordered Plaintiffs to submit discovery responses by October 24, 2022.  *Id.*

On October 18, 2022, Plaintiffs served the District with another set of RPD.  Pls.' Mot. Ex. D, ECF No. 44-4.  Defendant declined to respond arguing that the request was untimely because the latest "Minute Order *did not* extend the deadline for the parties to serve discovery requests," but rather it extended the close of factual discovery.  *Id.* Ex. E, ECF No. 44-5 (emphasis in original).  Plaintiffs claim that they believed a RPD would fall within discovery of facts.  *Id.* at 5.

On October 21, 2022, Plaintiffs responded to the RPD that had been served on April 4, 2022.  Def.'s Mot. Ex. 7, ECF No. 43-7.  The District claims that Plaintiffs "failed to respond to 21 of the District's 29 [RPDs] and provided insufficient responses to the remainder." *Id.* at 1.  More specifically, Defendant argues that "the numbered paragraphs in Plaintiffs' response do not correspond to the numbered paragraphs on the District's RPDs," that Plaintiffs "failed to provide

3

any objection or response to [multiple] RPD," and that Plaintiffs failed to identify, or even provide, specific documents. *Id.* at 4.

On October 26, 2022, two days after the deadline to submit discovery responses, *see* Min. Order, Aug. 26, 2022, Defendant asked Plaintiffs when it should expect their interrogatory responses, *see* Def.'s Mot. Ex. 8, ECF No. 43-8. On November 1, 2022, more than a week later, *see* Min. Order, Aug. 26, 2022, Plaintiffs objected to Defendant's interrogatories because they were not available in Spanish, *see* Def.'s Mot. Ex. 9, ECF No. 43-9. Consequently, on November 30, 2022, the District sent Plaintiffs a deficiency letter regarding their discovery responses. *Id.* Ex. 10, ECF No. 43-10. On December 5, 2022, Plaintiffs said they would "respond in greater detail within the next 3-4 business days," *id.* Ex. 11, ECF No. 43-11, but they never did, *see* Def.'s Mot. at 5. Instead, on January 10, 2023, Plaintiffs objected to Defendant's interrogatory responses claiming violations of multiple rules, and failure to respond. Pls.' Mot. Ex. C, ECF No. 44-3.

Defendant claims that, on January 17, 2023, it contacted Plaintiffs to meet and confer. Def.'s Mot. at 5. It also claims that they had an unsuccessful meeting on January 20, 2023, which prompted them to contact the Court. *Id.* As a result, on January 23, 2023, the Court ordered the parties to file their respective motions relating to any discovery disputes by February 6, 2023. Min. Order, Jan. 23, 2023. On February 6, 2023, the District filed a motion to compel discovery requesting full and complete responses to its discovery requests that were first served on April 4, 2022. *See* Def.'s Mot. Similarly, Plaintiffs filed a motion objecting to Defendant's discovery responses, and compelling Defendant's responses. *See* Pls.' Mot.

## III. LEGAL STANDARD

A party may serve the other party written interrogatories and RPD within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(1)–(2), 34(a). Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* at 26(b)(1). If a party fails to respond to a discovery request, the other party must in good faith confer or attempt to confer with the party failing to make discovery in an effort to obtain it without court action. *Id.* at 37(a)(1). Only then may a party move for an order compelling discovery. *Id.* "Courts consider the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C) when deciding whether to grant a motion to compel." *Atlanta Channel, Inc. v. Solomon*, No. 15-cv-1823, 2020 WL 6781221, at *2 (D.D.C. Nov. 18, 2020) (quoting *Barnes v. District of Columbia*, 289 F.R.D. 1, 5–6 (D.D.C. 2012)). "When the opposing party refuses to respond to a discovery request, the burden shifts to the opposing party to show that the movant's request is burdensome, overly broad, vague or outside the scope of discovery." *Id.* (quoting *United States v. Kellogg Brown & Root Servs., Inc.*, 284 F.R.D. 22, 27 (D.D.C. 2012)). The court may issue further just orders when a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A).

## IV. ANALYSIS

### A. Plaintiffs Must Respond to the District's Interrogatories.

An interrogatory must be answered "separately and fully in writing under oath." *Id.* at 33(b)(3). Any objection to an interrogatory must be stated with specificity. *Id.* at 33(b)(4). If the objection is not timely, the objection is waived unless the court, for good cause, excuses the failure. *Id.* Good cause "requires a greater showing than excusable neglect." *George v. Allen*

*Martin Ventures, LLC*, No. 21-cv-2876, 2023 WL 2705776, at *6 (D.D.C. Mar. 30, 2023) (quoting *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998)). When determining whether there is good cause, this Circuit has considered the following factors: (1) "the length of the delay"; (2) "the reason for the delay"; (3) any "dilatory or bad faith action" on the part of the respondent; (4) any "prejudice[]" on the part of the moving party; (5) whether the request was "properly framed and not excessively burdensome"; and (6) whether waiver would impose an excessively "harsh result" on the respondent. *Nasreen v. Capitol Petro. Grp., LLC*, 340 F.R.D. 489, 497–98 (D.D.C. 2022) (quoting *Caudle v. District of Columbia*, 263 F.R.D. 29, 33 (D.D.C. 2009)).

      Here, Plaintiffs failed to timely object to the interrogatories. On April 4, 2022, the District served Plaintiffs with a set of interrogatories. *See* Def.'s Interrog. Pls. Ex. 1. Plaintiffs had thirty days to serve its answers and objections. *See* Fed. R. Civ. P. 33(b)(2). Plaintiffs, instead, asked that they be permitted to serve responses by June 30, 2022. Def.'s Mot. at 2. On June 30, 2022, however, Plaintiffs did not provide any discovery responses. *See id.* On August 12, 2022, Plaintiffs agreed to provide discovery responses by August 15, 2022. *Id.* Ex. 4. On August 15, 2022, however, Plaintiffs again failed to provide any responses. *See id.* Ex. 5. As a result, Plaintiffs requested to extend the close of discovery responses, Pls.' Mot. Extend Sched. Order, which the Court extended to October 24, 2022, Min. Order, Aug. 26, 2022. On October 24, 2022, however, Plaintiffs did not provide any discovery responses. Def.'s Mot. at 2. On November 1, 2022, eight days later, Plaintiffs objected to Defendant's interrogatories because they were not available in Spanish. Def.'s Mot. Ex. 9.

      As shown above, Plaintiffs missed four distinct deadlines to raise an objection. Therefore, their "objection is waived unless the court, for good cause, excuses the failure." Fed.

6

R. Civ. P. 33(b)(4).  For the reasons that follow, the Court finds that Plaintiffs' counsel's medical issues provide good cause to excuse the Plaintiffs' failure to timely object.  Nonetheless, reaching the merits of the late submitted objection, the Court concludes that the objection lacks merit and it is over-ruled.

Here, the "length of the delay" of 181 days favors waiver of objection.  *Nasreen*, 340 F.R.D. at 498 (a delay in responding to discovery of over 120 days "clearly weigh[ed] in favor of waiver.").[1]  But Plaintiffs' "reason for the delay" is compelling.  *Id.*  Plaintiffs' counsel's significant health concerns, *see* Def.'s Mot. Ex. 5, are a persuasive reason for the delay, especially in light of the fact that she is appearing *pro bono*, *see* Def.'s Mot. at 4.  Accordingly, the Court concludes that Plaintiffs' objection is not waived.

But reaching the merits, the Court concludes that Plaintiffs' translation objection fails and is over-ruled.  "[E]ach party bears the burden of financing [their] own suit." *Companhia Brasileira Carbureto de Calcio-CBCC v. Applied Indus. Materials Corp.*, No. 01-cv-646, 2013 WL 12310612, at *1 (D.D.C. Apr. 10, 2013) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178–79 (1974)).  As a result, a "respondent is expected to accept the initial expense of . . . answering interrogatories," *In re P.R. Elec. Power Auth.*, 687 F.2d 501, 507 (1st Cir. 1982), unless the discovery imposes "undue burden or expense," Fed. R. Civ. P. 26(c).  Here, Plaintiffs do not show any undue burden or expense.  *See* Pls.' Mot.; *see also* Pls.' Objs. Def.'s Mot. Compel ("Pls.' Objs."), ECF No. 47.  Thus, when a party serves any other party with interrogatories that comply with Rule 33, the party attempting to translate the documents bears

---

[1] On April 4, 2022, the District served Plaintiffs with a set of interrogatories.  Def.'s Interrog. Pls. Ex. 1.  Plaintiffs had thirty days—until May 4, 2022—to serve its answers and any objections.  Fed. R. Civ. P. 33(b)(2).  After multiple extensions and missing four distinct deadlines, Plaintiffs objected to Defendant's interrogatories on November 1, 2022.  Def.'s Mot. Ex. 9.

7

the cost of translating them. *See In re P.R. Elec. Power Auth.*, 687 F.2d at 508–09. As the District states, Rule 33 does not require any translation. Def.'s Mot. at 7; *see* Fed. R. Civ. P. 33. In sum, "a purported language barrier . . . is not a valid objection to interrogatories nor an adequate reason for not providing complete answers," therefore, Plaintiffs have "an obligation under the Federal Rules to provide discovery so that Defendant may adequately defend against Plaintiff's allegations." *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, No. 07-61022-CIV, 2008 WL 4194810, at *3 (S.D. Fla. Sept. 11, 2008). Accordingly, Plaintiffs are ordered to fully respond to the District's discovery requests within 30 days of the date of this order.

      The District asks the Court to dismiss this action with prejudice if Plaintiffs fail to meet another deadline. Def.'s Mot. at 9. Although the Court cannot make such a threat without assessing the context and any mitigating factors of such a second failure, the Court warns Plaintiffs that not fully responding to the District's discovery requests will have consequences up to and potentially even including dismissal. The District also asks the Court to order Plaintiffs to pay Defendant's reasonable expenses caused by Plaintiffs' untimeliness and unmeritorious objection. *Id.* at 9 n.4. "Courts are 'directed to award attorney's fees to the moving party when granting a motion to compel,' '[u]nless the opposing party's objection was substantially justified or circumstances make an award of expenses unjust.'" *George*, 2023 WL 2705776, at *4 (quoting *Barnes*, 283 F.R.D. at 11); *see also* Fed. R. Civ. P. 37(a)(5)(A). Here, given Plaintiffs' counsel's significant medical issues, *see* Def.'s Mot. Ex. 5, and the fact she represents Plaintiffs *pro bono* make an award of fees unjust at this time, Def.'s Mot. at 4. But further unwarranted delays and unmeritorious objections may result in an award of fees in the future.

**B. Plaintiffs Must Respond to the District's Requests for Production of Documents.**

A responding party must agree to produce the documents requested or specify grounds for an objection. Fed. R. Civ. P. 34(b)(2)(B)–(C). Any production must be "organize[d] and label[ed]" as "to correspond to the categories in the request." *Id.* at 34(b)(2)(E)(i). As a result, the respondent must provide responses in an "organized, indexed fashion." *United States v. O'Keefe*, 537 F. Supp. 2d 14, 20 (D.D.C. 2008) (quoting *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 411 (N.D. Ill. 2007)). In fact, "parties may be required to specify documents within a larger set of reports, rather than simply referring to the entire report itself." *Haughton v. District of Columbia*, 315 F.R.D. 424, 428 (D.D.C. 2014). This is paramount because an evasive or incomplete response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). On the other hand, if the party chooses to object, it must specify its grounds and include the reasons. *Id.* at 34(b)(2)(B). If the objection is not timely, the objection is waived unless the court, for good cause, excuses the failure. *Id.* at 33(b)(4); *see, e.g.*, *Ronaldson v. Nat'l Ass'n of Home Builders*, No. 19-cv-1034, 2020 WL 3259226, at *4 (D.D.C. June 3, 2020) (applying the waiver provision applicable to interrogatories under Rule 33 to document requests).

Here, Plaintiffs responded to only eight of Defendant's twenty-nine RPDs.[2] *Compare* Def.'s Req. Produc. Doc. Pls., *with* Def.'s Mot. Ex. 7. Those eight responses were not "organize[d] and label[ed]" as "to correspond to the categories in the request."[3] Fed. R. Civ. P.

---

[2] Plaintiffs responded to RPD 7, 9–10, 12, 14–17. *Compare* Def.'s Req. Produc. Doc. Pls., *with* Def.'s Mot. Ex. 7.

[3] Plaintiffs' response 1 corresponds to Defendant's RPD 7; Plaintiffs' response 2 corresponds to Defendant's RPD 9; Plaintiffs' response 3 corresponds to Defendant's RPD 10; Plaintiffs' response 4 corresponds to Defendant's RPD 12; Plaintiffs' response 5 corresponds to Defendant's RPD 14; Plaintiffs' response 6 corresponds to Defendant's RPD 15; Plaintiffs'

34(b)(2)(E)(i); *compare* Def.'s Req. Produc. Doc. Pls., *with* Def.'s Mot. Ex. 7. Furthermore, Plaintiffs did not respond, or even object, to the other twenty-one RPDs.[4] Def.'s Mot at 4. Therefore, Plaintiffs' incomplete response constitutes a failure to respond. Fed. R. Civ. P. 37(a)(4). Plaintiffs shall produce all the documents responsive to Defendant's twenty-nine RPDs to comply with Federal Rule of Civil Procedure 34(b)(2)(B)–(C). For those responses in which Plaintiffs simply referred to the entirety of the administrative record or of the hearing testimony as a whole, Plaintiffs must specify the portions of the administrative record or the hearing testimony that respond to the particular requests.

### C. Plaintiffs' Discovery Requests

If a party fails to respond to a discovery request, the other party must in good faith confer or attempt to confer with the party failing to make discovery in an effort to obtain it without court action. *Id.* at 37(a)(1). In fact, before filing any motion, "counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Loc. Civ. R. 7(m). Only then may a party move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). Such motion must certify that the required discussion occurred. *Id.*; Loc. Civ. R. 7(m). This obligation cannot be satisfied by "perfunctory action," but requires a "good faith effort" to resolve the dispute. *English v. Washington Metro. Area Transit Auth.*, 293 F. Supp. 3d 13, 15–16 (D.D.C. 2017) (quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006)). A good-faith effort means taking real steps to confer. *Id.*

---

response 7 corresponds to Defendant's RPD 16; and Plaintiffs' response 8 corresponds to Defendant's RPD 17. *Compare* Def.'s Req. Produc. Doc. Pls., *with* Def.'s Mot. Ex. 7.

[4] As the District correctly states, Plaintiffs failed to respond or object to RPD 1–6, 8, 11, 13, 18–29. *Compare* Def.'s Req. Produc. Doc. Pls., *with* Def.'s Mot. Ex. 7.

at 16 (quoting *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006)).  This is paramount because "[c]ourts consider the prior efforts of the parties to resolve the dispute . . . when deciding whether to grant a motion to compel."  *Atlanta Channel, Inc.*, 2020 WL 6781221, at *2 (quoting *Barnes*, 289 F.R.D. at 5–6).  In fact, in the absence of a good-faith effort, a court may deny a motion to compel before reaching its merits.  *See, e.g.*, *English*, 293 F. Supp. 3d 13; *see also United States ex rel. Pogue*, 235 F.R.D. 521.

Here, Plaintiffs did not attempt to confer with the District and therefore could not certify that the required discussion occurred.  *See* Fed. R. Civ. P. 37(a)(1); Loc. Civ. R. 7(m).  Nevertheless, in the interest of resolving this dispute, this Court will consider Plaintiffs' motion on its merits.  *See, e.g.*, *Borum v. Brentwood Vill., LLC*, No. 16-cv-1723, 2020 WL 5291982, at *8 (D.D.C. Sept. 4, 2020) (proceeding to the merits even though the plaintiffs had failed to abide by the court's previous order).

First, Plaintiffs claim that Defendant violated Rule 26(g) because a few interrogatory responses were not signed by the interrogatee.  *See* Pls.' Mot. at 3; *see* Fed. R. Civ P. 26(g).  Rule 26(g), however, only requires a signature "by at least one attorney of record in the attorney's own name."  Fed. R. Civ P. 26(g).  Here, both Ms. Hardy and Ms. Porter signed in their own name.  *See* Pls.' Mot. Ex. B at 13.

Second, Plaintiffs object that Paul Kihn, Maya Cruz, and Mark Sanders did not respond to their respective interrogatories.  *See* Pls.' Mot. at 3–4.  Defendant "object[ed] to th[ose] interrogator[ies] [because they] request[ed] a response from a specific individual employee of the District who is not a named Defendant."  *Id.* Ex. B at 8, 10–11.  Instead, Defendant had Mayra Chong-Qui Torres, the Director of the Office of Teaching and Learning, Strategy and Operations for the District of Columbia Public Schools (DCPS), respond.  *See id.* at 13.  An interrogatory

11

"must be answered by the party to whom they are directed[] or if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1). That officer or agent should have "personal knowledge" or "manage[] the department which is the custodian of the relevant information." *Saint-Jean v. District of Columbia*, No. 08-cv-1769, 2014 WL 12792681, at *2 (D.D.C. Sept. 8, 2014). Here, Ms. Chong-Qui Torres, the Director of the Office of Teaching and Learning, Strategy and Operations for DCPS, certainly has knowledge of the training provided in DCPS schools. *See* Pls.' Mot. Ex. B at 13.

Third, Plaintiffs claim that Ms. Chong-Qui Torres did not address the questions stated in Plaintiffs' interrogatory. Pls.' Mot. at 3–4. The District objects to those interrogatories "as compound and as overly broad and not proportional to the needs of the case." *Id.* Ex. B at 8–11. As such, Defendant only offers broad boilerplate objections that fall short of the specificity required under Fed. R. Civ. P. 33(b), and this Court's role is not to "read between the lines of [Defendant's] cut-and-paste objections." *Inova Health Care Servs. for Inova Fairfax Hosp. and its Dep't, Life with Cancer v. Omni Shoreham Corp.*, No. 20-cv-784, 2021 WL 6503725, at *3 (D.D.C. Jan. 29, 2021). Defendant also objects to the interrogatories as "vague and ambiguous because many phrases" such as "special education administration," "location of service," "appropriateness," "placement," "standards," "reviewing," and "adequacy" are "undefined." *See* Pls.' Mot. Ex. B at 8–11. However, an "inability to assign an operative meaning to common words and phrases under strained claims of vagueness or ambiguity" is unpersuasive. *Inova Health Care Servs.*, 2021 WL 6503725, at *2.

Nevertheless, the District goes on to provide a summary of Ms. Cruz's and Mr. Sander's educational and professional experience that supported their claim to expertise in the area, and

12

the DCPS training standards. *See* Pls.' Mot. Ex. B 8–12. Defendant only failed to include minute details such as dates and addresses. *See id.* Plaintiffs do not show how such details are proportional to the needs of the case. *See* Pls.' Mot.; *see* Pls.' Objs. Therefore, "[t]his should end the inquiry." *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943, 2022 WL 4245486, at *4 (D.D.C. Sept. 15, 2022) (ending the inquiry because plaintiffs failed to meet their burden of showing that the particular information missing is proportional to the needs of their case).

Lastly, Plaintiffs claim that the District failed to respond to their RPD. Pls.' Mot. at 4–5. Defendant argues that the RPD was untimely because the latest "Minute Order *did not* extend the deadline for the parties to serve discovery requests," but rather it extended the close of factual discovery. *Id.* Ex. E (emphasis in original). Plaintiffs claim that they believed a RPD would fall within discovery of facts. *Id.* at 5. Although Plaintiffs' interpretation of this Court's order is incorrect, it is not unreasonable. The Court, on February 16, 2022, ordered the parties to serve any discovery requests by April 4, 2022, and to conclude discovery of facts by July 5, 2022. *See* Sched. Order. On April 4, 2022, the last day to serve any discovery requests, *see id.*, each party served the other with interrogatories and RPD, Def.'s Interrog. Pls.; Def.'s Req. Produc. Doc. Pls.; Pls.' Interrog. & Req. Produc. Doc. Def. The subsequent extensions, on their face, only extended the close of discovery and the deadline for responses. *See* Joint Mot. Extend Sched. Order; *see* Min. Order, July 5, 2022; *see* Pls.' Mot. Extend Sched. Order; *see* Min. Order, Aug. 26, 2022. Plaintiffs never moved to modify the deadline for the parties to serve discovery requests pursuant to Federal Rule of Civil Procedure 16(b)(4). As a result, Defendant need not respond to Plaintiffs' untimely October 18, 2022 RPD. *See* Pls.' Mot. Ex. D. However, as the Plaintiffs' mistaken reading of this Court's order is not unreasonable, they are granted leave to

submit the untimely requests, *nunc pro tunc*, and Defendant shall respond to Plaintiffs' late-served discovery requests within thirty days of this order.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel is **GRANTED** and Plaintiffs' Motion to Compel is **DENIED**.

**SO ORDERED**.

Dated:  August 28, 2023                                                                RUDOLPH CONTRERAS
                                                                                                        United States District Judge