UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| J.T.F., *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 21-1453 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 71, 72 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION FOR SANCTIONS AND FEES

### I. INTRODUCTION

Plaintiffs J.T.F. and her mother, Ana Flores, (collectively, "Plaintiffs") bring this action against Defendant the District of Columbia, ("Defendant" or "the District") alleging violations of their rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; the Equal Educational Opportunities Act of 1974 ("EEOA"), 20 U.S.C. § 1701 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 *et seq.* Earlier in this litigation, this Court dismissed all claims contained in the Amended Complaint except for the claims within Counts 1–18 under the EEOA and the Count 18 claim under the IDEA.

Defendant now moves for attorney's fees and to dismiss Plaintiffs' remaining claims with prejudice as a sanction for failing to comply with discovery obligations. For the reasons set forth below, the Court grants Defendant's motions**.** The Court dismisses Plaintiffs' remaining claims and will award Defendant fees in the amount of $15,670.58 for the services of Assistant Attorney

General Tasha Hardy; $2,589.60 for the services of Section Chief Steven Rubenstein; and $1,210.50 in fees for the services of Senior Assistant Attorney General Veronica Porter.

## II. FACTUAL BACKGROUND

The Court assumes familiarity with the facts underlying this dispute, which are described in the Court's prior memorandum opinions. *See* Mem. Op. ("First Mem. Op."), ECF No. 27; Mem. Op. ("Second Mem. Op."), ECF No. 40; Mem. Op. ("Third Mem. Op."), ECF No. 54; Mem. Op. ("Fourth Mem. Op."), ECF No. 70. The facts are briefly recounted below.

Plaintiff Ana Flores brought this action on behalf of her daughter, J.T.F., who requires specialized speech, language therapy, and occupational therapy services. Am. Compl. ¶¶ 17, 20, ECF No. 2. J.T.F. and Ms. Flores are native Spanish speakers. *Id.* ¶¶ 17–18. Flores "reads and writes only in Spanish, and understands little spoken English." *Id.* ¶ 18. After allegedly receiving an inadequate Individualized Education Plan ("IEP") at Oyster-Adams Bilingual School, the District of Columbia Public School System ("DCPS") transferred J.T.F. to MacFarland Middle School for the 2020–2021 school year. *See id.* ¶¶ 26–33, 72, 77–78.

Unhappy with the IEP and the resulting MacFarland placement, Flores filed a complaint with the Office of Dispute Resolution ("ODR") in the D.C. Office of the State Superintendent of Education alleging that DCPS had violated the IDEA. Ex. 2 to Def.'s Mem. Supp. Mot. Dismiss at 4, ECF No. 9-2 ("ODR Complaint"). In February 2021, an ODR Hearing Officer determined that Flores was not entitled to relief on most of her claims. Am. Compl. ¶¶ 88, 90–110. On May 27, 2021, Plaintiffs filed suit in this Court, alleging that Defendant had violated the IDEA and various other education and anti-discrimination statutes. *Id.* ¶¶ 111–33; *see also* Compl., ECF No. 1. Early in this litigation, Defendant moved to dismiss Plaintiffs' claims. Def.'s Mot. Dismiss, ECF No. 9. On December 21, 2021, this Court dismissed each of the claims contained

in Plaintiffs' Amended Complaint, save for claims within Counts 1–18 under the EEOA and the claim within Count 18 under the IDEA.  *See* First Mem. Op.; Second Mem. Op. at 7–8.

The parties then proceeded to discovery.  The Court's initial scheduling order required the parties to conclude fact discovery by July 5, 2022.  Third Mem. Op. at 2.  Defendant served Plaintiffs with interrogatories and requests for production—to be answered by June 30, 2022—but Plaintiffs never responded.  *Id.* at 2–3.  This Court extended the close of discovery to September 30, with Plaintiffs to respond to Defendant's requests by August 15.  *Id.* at 3.  Plaintiffs again missed the deadline, and this Court ordered Plaintiffs' discovery responses by October 24.  *Id.*  On October 21, Plaintiffs submitted partial and incomplete responses to Defendant's requests.  *Id.*  On November 1, Plaintiffs objected to Defendant's interrogatories because they were not translated into Spanish, an objection the Court later rejected as an invalid and inadequate reason for not providing Defendant with responses.  *Id.* at 8. (citing *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, No. 07-61022-CIV, 2008 WL 4194810, at *3 (S.D. Fla. Sept. 11, 2008)).

On February 6, 2023, Defendant filed a motion seeking to compel Plaintiffs to provide "full and complete responses to its discovery requests," which the Court granted on August 28, 2023.  *Id.* at 4  The Court ordered Plaintiffs to fully respond to Defendant's discovery requests within 30 days of the August 28 order and expressly warned Plaintiffs that noncompliance "will have consequences up to and potentially even including dismissal."  *Id.* at 8.

In October 2023, the parties notified this Court that J.T.F. and her mother no longer reside in the District of Columbia.  *See* Pls.' Notice of Change of Address, ECF No. 66.  Defendant also notified this Court that Plaintiffs had not provided any further responses to Defendant's interrogatories or requests for production of documents.  *See* Joint Status Report

("JSR") at 1, ECF No. 55.  Defendant then moved to dismiss Plaintiffs' remaining IDEA and EEOA claims on mootness grounds.  *See generally* Def.'s Mem. in Supp. Def.'s Mot. Dismiss ("Def.'s Second Mot. Dismiss"), ECF No. 56.  Defendant moved in the alternative for the sanction of dismissal under Federal Rule of Civil Procedure 37.  *See generally* Def.'s Mem. in Supp. Def.'s Mot. Sanctions ("Def.'s First Mot. Sanctions"), ECF No. 57.

This Court granted in part and denied in part Defendant's motion to dismiss, dismissing Plaintiffs' IDEA claim as moot but allowing the Plaintiffs' EEOA claim to proceed.  *See* Fourth Mem. Op. at 11, 14.  Furthermore, this Court granted in part and denied in part Defendant's motion for sanctions, providing Plaintiffs with "one further extension" to fully respond to Defendant's discovery requests.  *Id.* at 21.  The Court expressly warned Plaintiffs that they must "fully respond to the District's discovery requests within thirty days of the date of [its] order," and that failure to so comply may result in sanctions, up to and including dismissal of their remaining claims.  *Id*.  Plaintiffs have yet to provide Defendant with any response to the interrogatories served on April 4, 2022—or any supplemental responsive documents—in contravention of this Court's order.  *See id.*

Defendant now moves for attorney's fees and for sanctions under Rule 37 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 37; Def.'s Mot. Att'y's Fees, ECF No. 71; Def.'s Mot. Sanctions ("Def.'s Second Mot. Sanctions"), ECF No. 72.  Plaintiffs filed a response to these motions.  *See* Pls.' Resp. Def.'s Mot. Fees, ECF No. 74.[1]

---

[1] Plaintiffs' filing appears to oppose Defendants' motions in a cursory fashion, asking the Court to deny the motions without argument or citation to legal authority.  *See* Pls.' Response at 1–2; *see also* Local Civil Rule 7(b) (requiring parties to oppose motions with "a memorandum of *points and authorities* in opposition to the motion" (emphasis added)).  The remainder of Plaintiffs' briefing addresses other issues, and as such Defendant's motions could be viewed as conceded.  The Court nonetheless proceeds to a full analysis.  In addition, Defendant filed a corrected motion for sanctions, *see* ECF No. 75-1, and Plaintiffs moved for an extension of time

4

### III. LEGAL STANDARD

#### A. Motion for Sanctions

Federal Rule of Civil Procedure 37 provides that a district court may order sanctions, including dismissal of the action "in whole or in part," for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). When counsel repeatedly falls short of their discovery obligations, courts may be "forced to issue harsher sanctions that affect the merits of Plaintiffs' action, up to and including dismissal with prejudice." *See Davis v. D.C. Child & Fam. Servs. Agency*, 304 F.R.D. 51, 64 (D.D.C. 2014). District courts are afforded broad discretion to impose sanctions for discovery violations under Rule 37. *See Kister v. District of Columbia*, 229 F.R.D. 326, 329 (D.D.C. 2005).

When determining if the sanction of dismissal is warranted under Rule 37, courts must first consider whether the other party's ability to present its case has been "'so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case.'" *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (quoting *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074 (D.C. Cir. 1986)). Second, dismissal may be warranted where the errant party's behavior places "an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay." *Id.* (quoting *Shea*, 795 F.2d at 1075). Finally, dismissal may be appropriate to "sanction conduct that is disrespectful to the court and to deter similar misconduct in the future." *Id.* (quoting *Shea,* 795 F.2d at 1077).

---

to file a response, *see* ECF No. 76. Given that Plaintiffs' initial response to Defendant's motions contained little of substance answering Defendant's arguments, and that Plaintiffs have not filed a revised response in the ensuing six months, the Court denies Plaintiffs' motion for an extension. Out of an abundance of caution, however, the Court relies on Defendant's original briefing because Plaintiffs had the opportunity to respond to those motions.

Summarized, a sanction of dismissal must be justified by "(1) prejudice to the opposing party, (2) prejudice to the judicial system [or] (3) the need for punishment and deterrence." *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 4–5 (D.C. Cir. 2015). Any one of these justifications, standing alone, can provide a sufficient basis for dismissing a case. *See Webb*, 146 F.3d at 971. Before imposing the sanction of dismissal, courts are charged with considering whether lesser sanctions would be adequate. *Moore v. Napolitano*, 723 F. Supp. 2d 167, 179 (D.D.C. 2010).

### B. Motion for Attorney's Fees

Where a party has failed to comply with an order, regardless of whether other sanctions have been imposed, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). When determining an appropriate award of attorney's fees, courts must assess (1) whether counsel's requested hourly rate is reasonable and (2) whether the number of hours expended by counsel is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Under the first step of determining what hourly rate is "reasonable," a court's analysis "turns on three sub-elements: (1) 'the attorney['s] billing practices,' (2) 'the attorney['s] skill, experience, and reputation' and (3) 'the prevailing market rates in the relevant community.'" *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). In establishing a reasonable rate, "a fee applicant must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by

lawyers of reasonably comparable skill, experience and reputation.'" *Eley*, 793 F.3d at 100 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

When assessing whether the requested rates are in line with "those prevailing in the community for similar services by lawyers of reasonably comparable skill," this Court has compared requested rates against the Fitzpatrick Matrix in the context of complex litigation. *See id.*; *J.T. v. District of Columbia*, 652 F. Supp. 3d 11, 36 (D.D.C. 2023) (applying the Fitzpatrick Matrix rather than the LSI *Laffey* Matrix). Furthermore, in the context of claims arising under the IDEA, this Court has previously found it appropriate to award three-fourths of the applicable matrix rates. *See, e.g.*, *Bond ex rel. K.M. v. Friendship Pub. Charter Sch. Bd. of Trustees*, No. 23-cv-367, 2023 WL 8710370, at *6 (D.D.C. Dec. 18, 2023) (granting three-quarters of the matrix rate in IDEA administrative proceeding).

Under step two of the attorney's fees analysis—determining whether the number of hours expended is reasonable—fee applicants bear the burden of "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The supporting documents must be sufficiently detailed to allow for a determination with a high degree of certainty that the hours claimed were actually and reasonably expended. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004).

### IV.  ANALYSIS

The Court evaluates Defendant's request for sanctions under Rule 37 and Defendant's request for attorney's fees in turn. Having reviewed the request for sanctions, the Court finds Defendant's request reasonable and accordingly dismisses Plaintiffs' remaining EEOA claim with prejudice. Furthermore, the Court finds Defendant's request for attorney's fees reasonable, and awards the requested amount, $19,470.68, in full.

### A. Request for Sanctions

Defendant moves this Court to dismiss Plaintiffs' remaining EEOA claim under Rule 37 for "willful failure to comply with [Plaintiffs'] discovery obligations, including [Plaintiffs'] failure to provide full and complete responses . . . to [Defendant's] outstanding April 4, 2022, discovery requests." *See* Def.'s Second Mot. Sanctions at 1. Defendant argues that all three *Webb* factors have been met, and that dismissal is appropriate. *Id.* at 8–13. Plaintiffs' response does not engage with Defendant's arguments for the sanction of dismissal and leaves large gaps where Plaintiffs' counsel presumably intended to insert Plaintiffs' argument against dismissal before filing with this Court. *See* Pls.' Resp. Def.'s Mot. Fees at 6 ("[w]ith respect to __ claim{s} Plaintiffs asserted that ____. With respect to ___ claims, Ps asserted that filed their Opposition to Defendant's Motion to Dismiss, Ecf-Doc __ on ___.").

This Court already expressly warned Plaintiffs that "failure to comply [with Defendant's discovery requests] may result in sanctions, up to and including dismissal of all of their remaining claims." *See* Fourth Mem. Op. at 21. Although this Court previously found dismissal of Plaintiffs' remaining claims was not warranted as of June 7, 2024, this Court believes the sanction of dismissal to be appropriate given that Plaintiffs are now in violation of *two* of this Court's orders and have not provided any new information in response to Defendant's discovery requests. *See id.* at 16. At a minimum, the Court finds the third *Webb* factor—the need to deter similar misconduct in the future—has been satisfied. *See, e.g.*, *Arias v. Dyncorp Aerospace Operations, LLC*, 677 F. Supp. 2d 330, 332 (D.D.C. 2010) (explaining that "[w]hile a Rule 37(b) dismissal usually follows some showing of willfulness, bad faith or fault, a plaintiff's persistent failure to comply with discovery and discovery-related orders can be viewed as willful where multiple warnings and second chances have been given to the plaintiff").

The first *Webb* factor requires Defendant to demonstrate that Plaintiffs' noncompliance with their discovery obligations has prejudiced Defendant to such an extent that "it would be unfair to require [it] to proceed further in the case." *Webb*, 146 F.3d at 971 (quoting *Shea,* 795 F.2d at 1074).  When assessing whether a party's misconduct has been so prejudicial as to make it unfair to require the other party to proceed, "courts look to whether the aggrieved party has cited specific facts demonstrating actual prejudice." *Cumis Ins. Soc'y, Inc. v. Clark*, 318 F. Supp. 3d 199, 211 (D.D.C. 2018) (quoting *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 26 (D.D.C. 2015)).

Here, Defendant points not only to Plaintiffs' delay in producing discoverable documents but also to Plaintiffs' persistent noncompliance with Defendant's motions to compel and with this Court's orders.  *See* Def.'s Second Mot. Sanctions at 7.  Defendant asserts this noncompliance has prevented Defendant from "being able to understand and evaluate Plaintiffs' novel claims, assess the bases and appropriateness of their sought-after remedies, or formulate its defenses and defend this case." *Id.* at 8.

This Court has given Plaintiffs many chances to comply with Defendant's discovery requests that would permit Defendant to develop defenses and better understand the nature of the claims pending against it.  *See* Fourth Mem. Op. at 17.  However, it has now been over two years since Plaintiffs last partially responded to Defendant's discovery requests, first served on Plaintiffs on April 4, 2022.  *See* Def.'s Second Mot. Sanctions at 7.  Moreover, Plaintiffs' response was incomplete, and the responses Plaintiffs provided "were disorganized, unlabeled, and did not correspond to the categories articulated in the District's request."  Fourth Mem. Op. at 5.  Furthermore, it has been more than a year and a half since this Court's first order granting

Defendant's motion to compel and over nine months since this Court's second order granting the same. *See* Third Mem. Op.; Fourth Mem. Op.

As such, this Court now finds the first *Webb* factor to be satisfied: Plaintiffs' two-year-long refusal to comply with the Defendant's discovery requests has prevented Defendant from mounting a defense against Plaintiffs' remaining claims. Def.'s Second Mot. Sanctions at 7; *see also Hyman v. Am. Inst. of Architects*, No. 18-cv-2899, 2020 WL 709363, at *2 (D.D.C. Feb. 12, 2020) (finding plaintiff's refusal to comply with a court order compelling discovery and defendant's discovery requests to warrant dismissal where such refusal prevented defendant from assessing claims and formulating defenses).

The second *Webb* factor requires the Court to consider whether Plaintiffs' noncompliance has imposed an "intolerable burden" on the Court. *See Webb*, 146 F.3d at 971 (citation omitted). Dismissal under this factor is proper "[w]here the delay or misconduct would require the court to expend considerable judicial resources in the future in addition to those it has already wasted, thereby inconveniencing many other innocent litigants in the presentation of their cases." *Shea* 795 F.2d at 1075–76 (emphasis omitted).

The Court has already stated that it has "unquestionably been burdened by Plaintiffs' failure to adequately respond to the District's discovery requests." Fourth Mem. Op. at 18. On February 16, 2022, this Court ordered the parties to serve any discovery requests by April 4, 2022, and to conclude the discovery of facts by July 5, 2022. *See* Sched. Order. at 1, ECF No. 38. The Court granted a joint motion to extend the close of discovery from July 5, 2022, to September 30, 2022. Joint Mot. Extend Sched. Order at 3–4, ECF No. 39; Min. Order, July 5, 2022. Plaintiffs then filed a motion to extend the close of discovery from September 30, 2022, to

January 31, 2023, which this Court granted. Pls.' Mot. Extend Sched. Order, ECF No. 41; Min. Order, Aug. 26, 2022.

Plaintiffs' continued recalcitrance resulted in this Court's issuance of two orders, one in August 2023 and the other in July 2024, requiring that Plaintiffs comply with Defendant's discovery requests. *See* Third Mem. Op.; Fourth Mem. Op. Despite this Court's continued efforts to patiently afford Plaintiffs as much time as possible to comply with Defendant's discovery requests, Plaintiffs have failed to cooperate with either order. Therefore, the Court no longer finds it appropriate to rearrange its docket and engage in further fruitless delay of the resolution of this case. The second *Webb* factor is satisfied.

Finally, the third *Webb* factor requires the Court to consider the need to "sanction conduct that is disrespectful to the court and to deter similar misconduct in the future." *Webb*, 146 F.3d at 971 (quoting *Shea*, 795 F.2d at 1077). To date, Plaintiffs are in contravention of *two* of this Court's orders—Third Mem. Op.; Fourth. Mem. Op.—and have made no representations that they plan to come into compliance with these orders. *See* JSR; Pls.' Resp. Def.'s Mot. Fees. Additionally, Plaintiffs' response to Defendant's motion for sanctions and fees is largely incomprehensible—with formatting errors and blank lines inserted throughout—where Plaintiffs' counsel presumably neglected to gap-fill before submitting the document to this Court. *See e.g.*, Pls.' Resp. Def.'s Mot. Fees at 14 ("Ds filed a motion to dismiss on__ , without complying with LCR 5.2"). Moreover, Plaintiffs' response appears to contain cut-and-paste sections from prior pleadings on matters no longer at issue that have nothing whatsoever to do with the motion for sanctions and the grounds stated therein. Plaintiffs' lack of compliance with discovery requests made by Defendant *and* ordered by this Court, combined with the submission of incomplete work product, warrant dismissal to deter similar conduct in the future under *Webb* factor three.

Finally, before dismissing a case under Rule 37, the Court must determine whether lesser sanctions would be adequate. *Moore*, 723 F. Supp. 2d at 179. In the June 2024 memorandum opinion, this Court put Plaintiffs on notice of the possibility of dismissal if Plaintiffs continued to disobey the August 2023 order and Defendant's discovery requests. *See* Fourth Mem. Op. at 20. Specifically, the Court warned Plaintiffs that their "intransigent approach to responding to discovery and their utter refusal to answer the [Defendant's] interrogatories despite the Court's . . . order compelling them to 'fully respond' to the [Defendant's] requests . . . demonstrates a willful refusal to comply with their discovery obligations and this Court's orders that likely will, if it continues, justify dismissal as a sanction." *Id.* Despite repeated warnings, Plaintiffs have yet to comply with Defendant's discovery requests or this Court's orders. Furthermore, this Court's decision to grant Defendant's motion for attorney's fees did not incentivize Plaintiffs to comply. *See id.* at 22. Therefore, this Court has "no reason to expect that, if it grant[s] another accommodation, [Plaintiffs] would meet [their] discovery responsibilities." *Guarantee Co. of N. Am. USA v. Lakota Cont. Inc.*, No. 19-cv-1601, 2021 WL 2036666, at *4 (D.D.C. May 21, 2021).[2]

In conclusion, the Court finds all three *Webb* factors are satisfied—even though only one need be—and has determined the imposition of lesser sanctions to be powerless to deter Plaintiffs' recalcitrance. This Court grants Defendant's motion to dismiss Plaintiffs' remaining claims with prejudice under Rule 37. *See Webb*, 146 F.3d at 971 (stating any of the three factors, standing alone, provides sufficient grounds for dismissal).

---

[2] Given that Plaintiffs have moved away from the area, the Court wonders whether Plaintiffs' counsel is in touch with her clients. Counsel's refusal to respond to discovery and comply with this Court's orders, thus jeopardizing her clients' case, raises this possibility.

**B. Request for Attorney's Fees**

*a. Reasonable Fees*

This Court has already acknowledged the appropriateness of awarding attorney's fees in this case, having previously notified Plaintiffs' counsel that "further unwarranted delays and unmeritorious objections may result in an award of fees in the future." Third Mem. Op. at 8. To determine Defendant's hourly rate, this Court ordered Defendant to "submit within thirty days a petition for attorneys' fees and expenses . . . [a]ccompanied by supporting documentation and affidavits." Fourth. Mem. Op. at 22. In assessing the reasonableness of Defendant's requested hourly rates, the Court relies on Ex. 1 to Def.'s Mot. Sanctions ("Hardy Decl."), ECF No. 71-1; Ex. 2 to Def.'s Mot. Sanctions ("Porter Decl."), ECF No. 71-2; Ex. 3 to Def.'s Mot. Sanctions ("Rubenstein Decl."), ECF No. 71-3.; and Ex. 4 to Def.'s Mot. Sanctions ("Fitzpatrick Matrix"), ECF No. 71-4. Plaintiffs never responded to the fee petition.

Defendant submits that the reasonable hourly compensation rate for Assistant Attorney General Tasha Hardy is $771.00 for legal work performed in October and November 2023 and May 2024.[3] *See* Hardy Decl. ¶ 2; Fitzpatrick Matrix. The 2023 Fitzpatrick Matrix recommends this hourly rate for an attorney with 25 years of experience. *See* Fitzpatrick Matrix. Ms. Hardy has 25 years of experience as an attorney and 18 years of experience as an Assistant Attorney

---

[3] The Court calculates the requested fees pursuant to the 2023 Fitzpatrick Matrix because Defendant relies upon this version of the Matrix in its initial request for fees, and because the work performed by Defendant's counsel occurred before the 2024 Fitzpatrick Matrix became effective on October 4, 2024. *Civil Division: Attorney's Fees*, U.S. ATTORNEY'S OFF. FOR D.C., https://perma.cc/UGL6-X7UV (last visited Feb. 24, 2024); *see also Brackett v. Mayorkas*, No. 17-cv-988, 2023 WL 5094872, at *6 (D.D.C. Aug. 9, 2023) (awarding fees according to the Matrix rate plaintiffs relied upon when first filing a motion for fees).

General with the Office of the Attorney General.  Hardy Decl. ¶ 2; Def.'s Mot. Atty's Fees at 5.  Counsel's conservative request for hourly compensation at three-fourths of the Fitzpatrick Matrix compensation rate is in line with this Court's precedent (despite this case involving federal court proceedings).  *See, e.g.*, *Bond ex rel. K.M.*, 2023 WL 8710370, at *6 (granting three-quarters of the matrix rate in IDEA *administrative proceeding*).  This Court finds $578.25 (three-fourths of the $771.00 Fitzpatrick Matrix rate) to be a reasonable hourly rate given Ms. Hardy's experience, as detailed in her declaration.  Hardy Decl. ¶ 2.

   Defendant submits that the reasonable compensation for Section Chief Rubenstein is $664.00 for legal work performed in November 2023 and May 2024.  *See* Rubenstein Decl. ¶¶ 2, 3.  The 2023 Fitzpatrick Matrix recommends this hourly rate for an attorney with 13 years of experience.  *See* Fitzpatrick Matrix.  Mr. Rubenstein graduated from law school in 2011 and has 13 years of experience.  Rubenstein Decl. ¶ 2.  Furthermore, Mr. Rubenstein has almost six years of experience representing the District of Columbia in civil litigation, as well as six years of experience working with DCPS.  *Id.*  The Court finds $498.00 (three-fourths of the $664.00 Fitzpatrick Matrix rate) to be a reasonable hourly rate given Mr. Rubenstein's 13 years of experience.  *See* Rubenstein Decl.; Fitzpatrick Matrix.

   Finally, Defendant seeks fees on fees for the work performed by Senior Assistant Attorney General Veronica Porter and requests compensation of $807.00 per hour for legal work performed in July 2024 to draft its motion for fees.  Porter Decl. ¶ 3.  Though compensable, "fees on fees must be reasonable, and not excessive."  *Elec. Privacy Info. Ctr. v. Fed. Bureau of Investigation*, 80 F. Supp. 3d 149, 162 (D.D.C. 2015) (citation omitted).

   The Fitzpatrick Matrix stipulates the reasonable rate for an attorney with Ms. Porter's experience is $807.00.  The 2023 Fitzpatrick Matrix recommends this hourly rate for an attorney

14

with 35 or more years of experience. *See* Fitzpatrick Matrix. Ms. Porter graduated from law school in 1985 and has over 35 years of experience. Porter Decl. ¶ 2. Furthermore, Ms. Porter has extensive experience litigating on behalf of the District of Columbia and has worked for the Office of the Attorney General for the District since 1987. *Id.* Therefore, this Court finds $605.25, three-fourths of the Fitzpatrick matrix total rate ($807.00), to be reasonable. *Id.*; Fitzpatrick Matrix at 1.

### b. Reasonable Hours Expended

Having determined counsels' reasonable hourly rates, the Court must also determine whether the hours claimed by the applicant were reasonably expended. *See Hensley*, 461 U.S. 424, 434 (1983). Fee applicants bear the burden of "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. The supporting documents must be sufficiently detailed to allow for a determination with a high degree of certainty that the hours claimed were actually and reasonably expended. *Role Models Am., Inc.*, 353 F.3d at 970.

The Court finds that Ms. Hardy, Mr. Rubenstein, and Ms. Porter have met their burden of establishing reasonable hours expended. All three attorneys submitted declarations outlining with sufficient specificity the individual task performed and a reasonable estimate of the number of hours expended on each individual task. The attorneys submit in their declarations that, where hours were not recorded contemporaneously, they made "conservative estimates" as to the time expended. *See, e.g.*, Hardy Decl. ¶ 4. Furthermore, the Court has not identified overly vague or duplicative billing practices within the submitted declarations. *See Cobell v. Jewell*, 234 F. Supp. 3d 126, 175 (D.D.C. 2017) (noting "sound billing judgment requires that legal matters are 'appropriately staffed to do the work required efficiently and without duplicative billing'"

(quoting *Blackman v. District of Columbia*, 397 F. Supp. 2d 12, 14 (D.D.C. 2005)).  As such, the Court finds the number of hours expended by each attorney to be reasonable.

Ms. Hardy seeks $15,670.58 in compensation for 27.1 hours spent "researching, drafting, and filing the motion for sanctions and reply in support of the motion."  Def.'s Mot. Att'y's Fees at 5; *see also* Hardy Decl. ¶ 3.  This request for compensation covers work performed in October and November 2023 and May 2024.  *See* Hardy Decl. ¶ 3.  Therefore, using the previously established fair hourly compensation rate of $578.00, Ms. Hardy's total compensation is $15,670.58.  *Id.*

Mr. Rubenstein seeks $2,589.60 in compensation for 5.2 hours spent "reviewing and editing the motion and reply."  Def.'s Mot. Att'y's Fees at 5; *see also* Rubenstein Decl. ¶ 3.  This request for compensation covers work performed in November 2023 and May 2024.  *See* Rubenstein Decl. ¶ 2.  Using the adjusted, fair hourly compensation rate of $498.00 per hour, Mr. Rubenstein's total compensation is $2,589.60.  *See id.*

Finally, Ms. Porter seeks $1,210.50 in compensation for 2 hours of work spent "researching, drafting and filing the District's motion for attorney's fees."  Def.'s Mot. Att'y's Fees at 1; *see also* Porter Decl. ¶ 3.  This request for compensation was made in July 2024.  *See id.*  Using the adjusted, fair hourly compensation rate of $605.25, Ms. Porter's total compensation is $1,210.50.  *See id.*

As the Court explained in its previous memorandum opinion, it does not appear that Plaintiffs themselves are responsible for the repeated failure to respond to the Court's orders, and it would therefore be unjust to assess any fee award against them.  *See* Fourth Mem. Op. at 22.  Plaintiffs' status as *pro bono* clients additionally implies that any fee award would place an undue burden on them, and the Court therefore finds that Plaintiffs should not be held liable

either individually or jointly and severally with their counsel. The Court nonetheless finds a fee award against Plaintiffs' counsel justified by the cost, inconvenience, and difficulty that her conduct has imposed on the District and the Court. *See Shea*, 795 F.2d at 1075 (explaining that "the court may order the guilty counsel to pay a designated amount to the other party to cover his costs and inconvenience"). In sum, Defendant is awarded $19,470.68 in attorney's fees as a sanction against Plaintiffs' counsel.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion for attorney's fees and motion for sanctions are **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to comply with the Court's discovery orders and warnings; and it is

**FURTHER ORDERED** that Defendant is awarded $19,470.68 in attorney's fees, payable by Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 18, 2025                                        RUDOLPH CONTRERAS
                                                              United States District Judge